**Harold Tucker MATLOCK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18082.**

United States Court of Appeals
Sixth Circuit.

March 20, 1968.

Thomas Y. Allman, Cincinnati, Ohio (Court Appointed), for appellant; Taft, Stettinius & Hollister, Cincinnati, Ohio, on brief.

Bart C. Durham, III, Memphis, Tenn., for appellee; Thomas L. Robinson, U. S. Atty., William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., Fred M. Vinson, Jr., Asst. Atty. Gen., Depart-

ment of Justice, Criminal Division, Washington, D. C., on brief.

Before WEICK, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying, without a hearing, appellant Matlock's motion to vacate sentence filed under Title 28, Section 2255, United States Code.

Matlock was convicted in the District Court on March 24, 1964, of robbing a federally insured bank in Enville, Tennessee. On September 24, 1964, he was convicted in the same court of robbing a federally insured bank in Counce, Tennessee. He was sentenced to twenty years' imprisonment in each case but the first ten years of the sentences were to be served concurrently; the second ten years were to complete his sentence for the Enville robbery; and the remaining ten years of the sentence imposed for the Counce robbery were to be served consecutively with the sentence for the Enville robbery. The total time to be served under both sentences was thirty years.

The conviction for the Enville robbery was affirmed by this Court. United States v. Burkeen, 350 F.2d 261 (6th Cir. 1965), cert. denied 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed. 369 (1965). The conviction for the Counce robbery was affirmed by this Court. United States v. Burkeen, 355 F.2d 241 (6th Cir. 1966), cert. denied Matlock v. United States, 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966), rehearing denied 385 U.S. 893, 87 S.Ct. 28, 17 L.Ed.2d 127 (1966).

On August 31, 1965, Matlock filed five separate applications for post conviction relief in the District Court, all of which were denied. On March 7, 1966, he filed a motion to vacate sentence imposed for the Enville bank robbery, which was denied by the District Court, and the judgment of that court was affirmed on appeal by this Court on June 12, 1967. Matlock v. United States, No. 17,382. Certiorari was denied on January 15,

**240**

1968, 390 U.S. 909, 88 S.Ct. 832, 19 L.Ed. 2d 877.

The motion to vacate sentence involved in the present appeal was addressed only to the sentence imposed in the Counce bank robbery case. Matlock contends that his Fifth Amendment rights were violated in connection with a lineup in which he claims that he was denied the right to have his counsel present. He alleges that he was required to repeat certain words in the lineup and was instructed by the FBI to act out parts of the crime. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ The trouble with this contention is that *Wade* does not apply retroactively. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). United States v. Wade, 388 U.S. 218, 222–223, 87 S.Ct. 1926 (1967) held that there was no violation of the accused's constitutional rights when he was required to repeat certain words.

■ Matlock's argument on appeal that the circumstances of the lineup were so suggestive that they amounted to a denial of due process under *Stovall*, supra, 388 U.S. at page 301, 87 S.Ct. 1967, was not presented to the District Court and is not properly before this court. Bush v. United States, 347 F.2d 231 (6th Cir. 1965).

■ But there is an additional reason why relief should be denied. The sentence for the Enville bank robbery was for twenty years, of which less than four years have been served. That conviction has withstood previous attacks and is not involved here. Matlock is therefore serving a valid sentence which cannot be reached in this proceeding. Relief under Section 2255 is not available unless the prisoner is claiming the right to be released. Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); United States v. McGann, 245 F.2d 670, 672 (2nd Cir. 1957); Duggins v. United States, 240 F.2d 479, 484 (6th Cir. 1957); cf. McNally v. Hill, 293 U.S. 131, 135, 55 S.Ct. 24, 79 L.Ed. 238 (1934)

(habeas corpus); Lowther v. Maxwell, 347 F.2d 941, 942 (6th Cir. 1965).

Appreciation is expressed to court appointed counsel, Thomas Y. Allman, for excellent services rendered in briefing and arguing this appeal.

Affirmed.