Michael Charles WARD, Plaintiff-Appellant,

v.

Huron County Circuit Judge KNOB-LOCK, and Frank J. Kelley, (82–1743), Defendants-Appellees.

William L. HERRON, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, (83–5152), Respondent-Appellee.

Nos. 82–1743, 83–5152.

United States' Court of Appeals, Sixth Circuit.

Argued April 11, 1984.

Decided June 28, 1984.

Rehearing and Rehearing En Banc Denied in No. 82–1743 Aug. 20, 1984.

Richard A. Fromson, argued, Cleveland, Ohio, for plaintiff-appellant.

Frank J. Kelley, Atty. Gen. of Mich., Thomas C. Nelson, Asst. Atty. Gen., Lansing, Mich., David Edick, argued, for defendants-appellees.

William Farmer, Federal Public Defender (Court-appointed), Paula D. Godsey, argued, Nashville, Tenn., for petitioner-appellant.

Ronald E. Meredith, U.S. Atty., Alexander T. Taft, Mikell Grafton McMurry, Hancy Jones, III, argued, Asst. U.S. Attys., Louisville, Ky., for respondent-appellee.

Before ENGEL, MERRITT and MARTIN, Circuit Judges.

MERRITT, Circuit Judge.

In these two appeals we are presented with different but related problems, each requiring us to interpret the phrase "in custody" as it is used in the context of the writ of habeas corpus and the writ of error coram nobis, respectively. *See* 28 U.S.C. §§ 2241(c)(3) & 2254(a) (1982) (habeas corpus); 28 U.S.C. § 2255 (1982) (coram nobis).[1] In the first case, a prisoner presently in federal custody seeks to attack an earlier state sentence which was fully served. In the second, a prisoner presently in state custody seeks to attack his federal sentence which he has not yet served.

In the first case, No. 83–1743, the issue is whether plaintiff, who has fully served his state sentence on a 1971 Michigan drug

---

**1.** 28 U.S.C. § 2241(c)(3) states:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2254(a) states:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2255 states, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

conviction and who is now incarcerated in a federal prison in a different state on an unrelated charge, has satisfied the "in custody" requirement of section 2254(a) so that he may collaterally attack in a federal court in Michigan his state conviction. The issue in the second case, No. 83–5152, is whether petitioner, who is still in the custody of the sentencing state and seeks to vacate a subsequent federally-imposed sentence to be served in the future, has satisfied the "in custody" requirement of section 2255. Because the issues in the two cases are similar, we consolidated them for opinion. We conclude that the petitioner is not "in custody" in the first case but is "in custody" in the second.

Accordingly, for the reasons set forth below, we affirm in the first case and reverse in the second.

## I.

### A.  No. 82–1743

Plaintiff Michael Charles Ward was convicted in January, 1971, in Michigan state court, of possession of marijuana and LSD. After serving approximately twenty months of his sentence, he was paroled and then discharged from parole under the authority of *People v. Sinclair*, 387 Mich. 91, 194 N.W.2d 878 (1972) (holding that statutory categorization of marijuana along with "hard drug" narcotics for imposition of penalty denied equal protection).

In 1980, while he was incarcerated in an Oklahoma federal prison on an unrelated charge, plaintiff filed a *pro se* petition in the Huron County Circuit Court in Michigan for post-conviction remedies, alleging ineffectiveness of counsel on grounds that he had not been informed of his right to appeal the 1971 conviction. After pursuing this claim for post-conviction relief unsuccessfully in the state courts, plaintiff filed this habeas corpus action in a Michigan federal court. He alleged that the state court's denial of his application for court-appointed counsel for his "delayed direct appeal" from the state conviction violated his due process rights and that the "tainted unconstitutional conviction" had caused

him collateral and irreparable injury in that it (1) enhanced the custody level of his present federal confinement, (2) adversely affected his parole eligibility, (3) precluded him from certain forms of federal rehabilitation which are available to prisoners without prior felony convictions, including working, attending college classes, and becoming a trustee, and (4) caused him to suffer discrimination and humiliation, since the 1970 conviction will remain on his record as a felony, even though Michigan law has changed it to a misdemeanor, and he will be ineligible to vote or carry arms. Plaintiff requests equitable relief in the form of a declaratory judgment and an order compelling the Huron County Circuit Court to recognize plaintiff's right to take a direct appeal and appoint the state Appellate Defender's Office at county expense to represent him in that appeal. He named as defendants Huron County Circuit Judge M. Richard Knoblock and Michigan Attorney General Frank J. Kelley.

The case was referred to a magistrate, and the Attorney General filed a motion to dismiss or, in the alternative, for summary judgment, in which he argued that plaintiff's complaint should be construed as a petition for habeas corpus under 28 U.S.C. § 2254 and dismissed for failure to allege Michigan custody. The Magistrate agreed that plaintiff's action was most closely analogous to a habeas corpus petition since plaintiff's claim that his allegedly unconstitutional conviction adversely affects his parole eligibility should be viewed as a challenge to the duration of his present incarceration. The Magistrate noted that habeas corpus jurisdiction is not limited to petitions filed by persons physically present within the territorial limits of a district court, but held that the "in custody" requirement of 28 U.S.C. § 2241(c) barred plaintiff's claim:

> Plaintiff filed his complaint long after the sentence expired on the conviction he complains of and he is currently imprisoned in a federal institution on other charges. While it is true that the collateral consequences of his 1971 conviction

would spare a jurisdictionally valid petition for habeas corpus from becoming moot upon the expiration of his sentence, *Fiswick v. United States*, 329 U.S. 211, 222 [67 S.Ct. 224, 230, 91 L.Ed. 196] (1946), it is also true that "[t]he federal habeas corpus statute requires that the applicant must be in custody when the application for habeas corpus is filed," *Carafas v. Lavalee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The fact that Michigan has lodged a detainer against him on another charge is insufficient to meet that requirement.

Magistrate's Report and Recommendation at 8.

The District Court accepted the Magistrate's Report after a *de novo* review and dismissed the action. It is from this judgment that plaintiff Ward now appeals.

### B. No. 83–5152

Petitioner Herron was convicted in 1976 of kidnapping, in violation of 18 U.S.C. § 1201(a) (1982), and interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312 (1982). He was sentenced to two consecutive life sentences for the kidnapping and a consecutive five-year sentence for interstate transportation of the stolen motor vehicle. All sentences were ordered to be served consecutive to any term being served in the state penitentiary. At the time of his conviction, petitioner was incarcerated in a Missouri state prison pursuant to an earlier, unrelated conviction and sentence. Inexplicably, however, before being returned to the Missouri prison to serve the remainder of two concurrent life sentences, petitioner was delivered to a federal prison in Illinois, where he remained some two years, until April, 1978.[2]

**2.** Petitioner has attached to his *pro se* brief in this Court a copy of a stipulation entered into on April 19, 1983, by the United States Attorney for the Western District of Missouri, the Attorney General of Missouri, and petitioner. The stipulation, which apparently was not part of the record in the proceedings before the District Court, purports to represent an agreement that petitioner would receive credit for time he "has spent and does spend" in the Missouri prison

This Court affirmed petitioner's convictions on direct appeal in 1977. In 1981, petitioner filed a *pro se* section 2255 motion to vacate the conviction and sentence, alleging ineffectiveness of counsel.

The case was referred to a magistrate, who concluded that petitioner could not claim the right to be released under 28 U.S.C. § 2255, since that statute requires the prisoner to be presently in custody pursuant to the sentence being attacked. The Magistrate reasoned that this requirement was not satisfied because at the time petitioner filed his *pro se* section 2255 action, he was in a Missouri prison serving a Missouri sentence, and "the sentences imposed by this Court and being attacked by the movant will not begin to be served by [him] ... until he completes service of the Missouri sentences." Findings of Fact, Conclusions of Law, and Recommendations at 3–4. The District Court adopted the Magistrate's findings and recommendation in full and denied petitioner's motion to vacate, set aside or correct the sentence.

### II.

Plaintiff Ward's habeas corpus action is based on 28 U.S.C. § 2254(a), which provides remedies in federal courts for unlawful state custody. Section 2254(a) states:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

toward service of the federal sentences now being attacked. Petitioner Herron now contends that since his state and federal sentences are running concurrently he is "in custody" under sentence of a federal court as required by 28 U.S.C. § 2255. This stipulation appears to have been adopted by the District Court. Since we have decided this case on a different ground, however, we need not reach the question of the validity and effect of the stipulation.

28 U.S.C. § 2254(a) (1982) (emphasis added). Petitioner argues that the words "in custody" as they are used in section 2254(a) should be read very broadly, citing as authority *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), in which the Supreme Court held that a prisoner "in custody" under one sentence may attack, by means of habeas corpus proceedings, a sentence which he has not yet begun to serve. Apparently, petitioner's reasoning is that if under *Peyton* the "in custody" requirement must be read to allow prisoners to use habeas corpus petitions to challenge *future* confinement, the same analysis should logically work in reverse to compel the conclusion that the "in custody" language permits prisoners to challenge *past* confinement.

This syllogism fails. Neither the language of the statute nor the manifest purpose of the writ goes that far. As the Supreme Court wrote in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), "It is clear ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." 411 U.S. at 484, 93 S.Ct. at 1833. The Court has construed the "in custody" requirement in a reasonably liberal fashion and held that the writ may be appropriate in situations beyond the traditional one in which petitioner's claim would, if upheld, result in an immediate release from present custody. *See, e.g., Peyton*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *Carafas*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (habeas corpus is proper in case where petitioner was in custody when the petition was originally filed but has since been unconditionally released from custody); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (state prisoner who has been placed on parole, under the "custody and control" of a parole board, is "in custody" within meaning of

habeas corpus statute). This gradual movement towards a more liberal construction of the "in custody" requirement has not gone so far, however, as to bring within the jurisdiction of the writ a petitioner who has fully served the sentence under attack, and is no longer in any meaningful sense in the custody of the state which imposed that sentence. We decline to open that door today because we believe that to create jurisdiction for claims such as the one here, where petitioner challenges a sentence he has already fully served and where he was not in state custody even when the suit was first initiated in the district court, would be directly contrary to the purposes of the writ.[3]

Although it is clear that actual physical custody in a penal institution is not required to confer habeas jurisdiction, there must be some significant restraint by the state on the petitioner's liberty in order for the action to lie. We hesitate to expand the right to apply for the writ to a case where it is undisputed that petitioner's liberty is not at all restrained by the state which imposed the sentence which he has served and now wishes to attack. Petitioner's arguments regarding the conditions of his present custody arising from his past wrongs should be decided by a court having subject matter jurisdiction over his present custody.

In so holding, we are not unaware of the merit of petitioner's argument, based on the *Carafas* decision, that because of the "disabilities or burdens [which] may flow from" his conviction, he has a "substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." *See Carafas*, 391 U.S. at 237–38, 88 S.Ct. at 1559 (quoting *Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1976)). That argument, however, goes to mootness, and not to what is necessary for federal court jurisdiction under section 2254. The existence

---

**3.** *But see Harrison v. Indiana*, 597 F.2d 115 (7th Cir.1979) (federal court had jurisdiction of habeas corpus petition brought by state prisoner to challenge a conviction for which he had fully served the sentence where such conviction delayed the start of his current service on a consecutive sentence and would thus delay his release).

of collateral consequences of his conviction may enable a petitioner who has fully served a sentence he wished to challenge to avoid being dismissed on mootness grounds, but it will not suffice to satisfy the "in custody" jurisdictional prerequisite unless, as in *Carafas* itself, federal jurisdiction has already attached.

## III.

Petitioner Herron's case requires us to examine the "in custody" language from the perspective of 28 U.S.C. § 2255. That statute requires that a prisoner be "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255 (1982).

In *Matlock v. United States*, 391 F.2d 238 (6th Cir.1968), we followed the Supreme Court's decision in *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), which required us to hold that a prisoner could not initiate a section 2255 proceeding to attack a future federal sentence not then being served. Since that time, the Supreme Court in *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), reexamined the so-called "prematurity doctrine" in the context of section 2241(c)(3) habeas corpus actions and rejected it as "an indefensible barrier to prompt adjudication of constitutional claims in the federal courts." *Id.* at 55, 88 S.Ct. at 1550.

On reexamining *Matlock* in light of *Peyton*, we conclude that *Matlock* was effectively overruled by *Peyton*, and that the reasoning of *Peyton* must therefore be extended to cover section 2255 claims as well as the habeas claims *Peyton* expressly encompassed. This interpretation is consistent with the statutory language and with the purpose of the section 2255 petition in the federal courts. As the Supreme Court pointed out in *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), drawing on Chief Justice Vinson's earlier extensive analysis of the legislative history of the statute, "section 2255 revised the procedure by which federal prisoners are to seek such relief [in the nature of the

ancient writ of error coram nobis] but did not in any respect cut back the scope of the writ. . . . On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum. . . ." 394 U.S. at 221–22, 89 S.Ct. at 1071. The factors which led the *Peyton* Court to conclude that postponing adjudication of habeas corpus petitions until a prisoner is literally "in custody" under the sentence attacked—*viz.*, the fact that postponement lessens the probability that final disposition of the case will do substantial justice because of the difficulty of making factual determinations after a lapse in time, and the fact that the prematurity doctrine "extends without practical justification the time a prisoner entitled to release must remain in confinement," 391 U.S. at 63–64, 88 S.Ct. at 1554—are present here and compel us to reach the same result with respect to section 2255. Furthermore, since *Peyton* was decided, other courts of appeal which have addressed this question have consistently held that the meaning given to the "in custody" language in the habeas corpus statute by that decision should apply with equal force to section 2255 custody. *See, e.g., Brooks v. United States*, 423 F.2d 1149 (8th Cir.1970); *Mathis v. United States*, 369 F.2d 43 (4th Cir.1966); *Johnson v. United States*, 344 F.2d 401 (5th Cir.1965); *see also Moon v. United States*, 272 F.2d 530 (D.C.Cir.1959). We agree with the reasoning of these cases.

The essential reason for the different results in the two cases we decide today is that finality interests are different in preservice and post-service habeas cases. In the first the individual faces future custody on the sentence under attack so that the corrections process has not yet ended. In the second, the corrections process in the sentencing state has ended and only consequences less significant than restraint remain. The former state may not have a significant interest in the conditions of custody by another sovereign. Moreover, a contrary holding would require review of

state criminal proceedings long after the state corrections process is over.

For the foregoing reasons, we affirm the dismissal of plaintiff Ward's habeas corpus petition for lack of jurisdiction, and reverse the dismissal of petitioner Herron's section 2255 petition. We remand the latter to the District Court for further proceedings.