**Gary Lee GONCE**

v.

**Walter W. REDMAN, Warden and the Attorney General of the State of Pennsylvania.**

**Civ. A. No. L 84–1558.**

United States District Court, E.D. Pennsylvania.

Oct. 12, 1984.

Gary Lee Gonce, pro se.

**MEMORANDUM OPINION AND ORDER**

WEINER, District Judge.

Presently before the court is a "Motion for Rehearing" filed by the petitioner, Gary Lee Gonce, a prisoner at the Delaware Correctional Center at Smyrna, Delaware, requesting this court to allow the petitioner to proceed with his writ of habeas corpus, which motion we shall treat as a motion to vacate our Order of August 15, 1984, 590 F.Supp. 1155, dismissing the petition for writ of habeas corpus.

On October 24, 1980, petitioner was extradited from the state of Delaware to Pennsylvania to await a hearing for a 1977 robbery which was alleged to have occurred in Delaware County, Pennsylvania. Petitioner was found guilty, after a jury trial, for robbery and conspiracy. Thereafter, petitioner was sentenced by the Pennsylvania court to consecutive terms of ten-to-twenty years imprisonment for robbery and five-to-ten years for conspiracy, both of which to run consecutively to petitioner's Delaware sentence, which had already commenced. Petitioner next appealed to the Superior Court of Pennsylvania which affirmed the decision of the lower court.[1]

---

1. Petitioner's application for habeas corpus before this court indicated that the Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal.

Petitioner then filed a petition for a writ of habeas corpus in this court, attacking the Pennsylvania conviction and alleging various errors made by the trial court. In a Memorandum Opinion and Order of August 15, 1984, this court dismissed the petition on the ground that the power to review a prisoner's habeas corpus petition extends only to present, not future, custody. Therefore, since the petitioner had not yet commenced service of the Pennsylvania sentence, the petition could not be considered.

Petitioner now asks this court to reconsider his petition and allow him to proceed in light of *Ward v. Knoblock*, 738 F.2d 134 (6th Cir.1984). For the reasons which follow, we vacate our Order of August 15, 1984.

Section 2241 of the Judicial Code, contained in 28 U.S.C., gives a district court the power to grant a writ of habeas corpus if the prisoner "is in custody in violation of the Constitution on laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Supreme Court held that when a prisoner is serving consecutive sentences, the "in custody" requirement of § 2241(c)(3) is satisfied and the prisoner need not wait until the termination of the first sentence. *Id.* at 67, 88 S.Ct. at 1556. In so doing, the court overruled *McNally v. Hill*, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), which held that the habeas corpus statute does not authorize attacks upon future consecutive sentences, the so-called "prematurity rule." *Peyton*, 391 U.S. at 55, 64, 88 S.Ct. at 1549, 1554.

The *Peyton* court reasoned that the writ of habeas corpus has three general characteristics: to provide (1) post conviction relief, (2) prompt adjudication of the petitioner's claims, and (3) to authorize the district court to look beyond the trial record and conduct a factual hearing to determine the merits of alleged deprivations of constitutional rights. *Id.* at 59, 60, 88 S.Ct. at 1552. The prematurity rule of *McNally* undermined at least two of these characteristics by possibly causing the delay of a federal claim for decades at which time "dimmed memories or the death of witnesses is bound to render it difficult or impossible to secure crucial testimony on disputed areas of fact," and by possibly extending the time a prisoner entitled to release must remain in confinement. *Id.* at 61, 62, 88 S.Ct. at 1553.

Although *Peyton* involved consecutive prison sentences in the same state, the court soon extended the doctrine to situations where the consecutive sentences were to be served in different states. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), petitioner had been indicted for certain crimes in Kentucky but escaped to Alabama where he was arrested, convicted and imprisoned for crimes committed in that state. Kentucky officials lodged a detainer against him. The petitioner sought a writ of habeas corpus, attacking the validity of the Kentucky indictment, while he was serving the Alabama sentence. The Supreme Court held that the considerations which were held in *Peyton* to warrant a prompt resolution of the claim also applied when "the 'future custody' under attack will not be imposed by the same sovereign which holds the petitioner in his current confinement." *Id.* at 489, n. 4, 93 S.Ct. at 1126, n. 4. The court reasoned that the detainer issued by the Kentucky officials made the Alabama warden Kentucky's agent, making the petitioner "in custody" for purposes of 28 U.S.C. § 2241(c)(3).

The Third Circuit, although in *dicta*, has recognized this doctrine. In *United States ex rel. Van Scoten v. Pennsylvania*, 404 F.2d 767 (3d Cir.1968), the court states that *Peyton* applied when a prisoner in New Jersey attempted to challenge the validity of a sentence imposed upon him by a Pennsylvania state court, the service of which was to commence upon completion of the New Jersey imprisonment. *Id.* at 767, 768. Similarly, the Fourth Circuit applied *Peyton* in *Ward v. Knoblock*, 738 F.2d 134 (6th Cir.1984), ruling that a Missouri prisoner was "in custody" under 28 U.S.C. § 2255,

**918**

the federal-prisoner habeas corpus statute, and could challenge the validity of a future consecutive federal prison sentence. Neither the *Van Scoten* nor the *Ward* courts considered it necessary to deal with the issue expressly left open in *Braden,* that is, whether *Peyton* applies when a detainer has not been lodged against the prisoner. *Braden* 410 U.S. at 489, n. 4, 93 S.Ct. at 1126, n. 4. In fact, the courts in neither *Braden* nor *Ward* revealed whether detainers had been lodged against the respective petitioners.

For the reasons explained above, it is clear that under the holdings in *Peyton* and *Braden,* the petitioner in the case *sub judice,* is "in custody" for purposes of 28 U.S.C. § 2241(c)(3). We therefore vacate our Order of August 15, 1984.