787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOBBIE CLINTON BAKER, Petitioner-Appellant,
v.
ARTHER TATE, JR., SUPT., Respondent-Appellee.
 85-3479
 United States Court of Appeals, Sixth Circuit.
 3/3/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and NELSON, Circuit Judges.
 
 
 1
 The petitioner appeals the judgment dismissing his habeas corpus petition under 28 U.S.C. Sec. 2254. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In 1977, the petitioner pleaded guilty in a Michigan court to charges of felonious assault and malicious destruction of property. He was sentenced to three years probation which he apparently served without incident. In 1983, however, he was convicted in an Ohio court for voluntary manslaughter and attempted murder and sentenced to 8-50 years imprisonment. He is now serving that sentence in an Ohio penal institution.
 
 
 3
 The petitioner filed the present federal habeas action attacking his 1977 Michigan convinction on grounds (1) his guilty plea was unknowingly made because he was not informed of the nature or consequences of that plea, (2) trial counsel rendered ineffective assistance, and (3) he was denied the right to an appeal. He further asserted the 1977 conviction had an adverse effect upon the service of his Ohio sentence in that (1) it was used to deny him release on bond pending appeal, (2) it increased his security classification, therefore denying him merit and honor status and work and educational furloughs, and (3) it will delay his release on parole. The district court granted the respondent's motion to dismiss, finding the petitioner did not satisfy the in custody and exhaustion requirements of Sec. 2254. This timely appeal followed.
 
 
 4
 We have reviewed the record and briefs in this appeal and conclude the district court did not err in dismissing the petitioner's action for the reasons stated in its Opinion and Order of June 10, 1985. See Ward v. Knoblock, 738 F.2d 134 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985).
 
 
 5
 It is ORDERED that the district court's judgment of June 10, 1985, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.