856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lester YODER, Petitioner-Appellant,
v.
Anthony J. CELEBREZZE, Jr., Attorney General of the State of
Ohio, Respondent- Appellee.
 No. 87-4094.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Lester Yoder, the petitioner-appellant, appeals from the district court's judgment denying his petition for a writ of habeas corpus.
 
 
 2
 On March 19, 1985, Yoder was convicted, in the Common Pleas Court of Wayne County, Ohio, of one count of sexual battery as that offense is defined by Ohio Revised Code ("O.R.C.") section 2907.03(A)(6).
 
 
 3
 On May 16, 1985, the trial court sentenced Yoder to a prison term of one and one-half years. This term, however, was suspended and Yoder was placed on probation for two years. Thus, Yoder's probationary period ended May 16, 1987.
 
 
 4
 Furthermore, as a result of his conviction, Yoder's teaching certificate was permanently revoked. That is, on December 22, 1986, a hearing examiner for the Ohio Board of Education, in a proceeding separate and distinct from his court proceedings, revoked Yoder's teaching certificate pursuant to O.R.C. section 3319.31; a statutory provision which mandates the revocation of a teaching certificate when the holder thereof is convicted of certain felonies. This action barred Yoder from the teaching profession; a job which he had held for the prior twenty years.
 
 
 5
 Yoder appealed his conviction to both the state court of appeals and the state supreme court. On February 5, 1986, the court of appeals affirmed his conviction and on May 14, 1986, the supreme court overruled his motion for leave to appeal.
 
 
 6
 Thereafter, on July 30, 1987, Yoder filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254 (1982), in the United States District Court for the Northern District of Ohio. Yoder alleged four grounds for relief, including claims relating to assistance of counsel and procedural due process. His petition was originally referred to a magistrate who recommended that it be dismissed for lack of jurisdiction since there had not been a showing that Yoder was in the "custody" of the state of Ohio; a requirement of the statute under which he was proceeding.
 
 
 7
 Yoder timely filed objections to the magistrate's report, contending that the district court had jurisdiction because although his suspended sentence and probation period expired prior to the filing of his habeas corpus petition, the revocation of his teaching certificate constituted a restraint of liberty sufficient to satisfy the "in custody" requirement of Sec. 2254.
 
 
 8
 On October 29, 1987, the district court issued its opinion holding that it lacked jurisdiction to grant Yoder any relief. The court held that under Ward v. Knoblock, 738 F.2d 134, 138 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985), the revocation of Yoder's teaching certificate was a "collateral consequence" of his conviction and went only to the issue of "mootness," not to the relevant issue of "jurisdiction." Thus, Yoder's petition was dismissed. On November 25, 1987, the court issued a certificate of probable cause and this appeal was timely filed immediately thereafter.
 
 
 9
 Because we find no reason to disturb the district court's judgment, but instead find it to be based upon the applicable law, that judgment, in its entirety, is hereby AFFIRMED.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation