869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Duvall WILLIS, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 88-1646.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William Duvall Willis moves for counsel in his appeal from the district court's denial of his petition for writ of habeas corpus construed as a motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. Willis pled guilty to possession of stolen mail in violation of 18 U.S.C. Sec. 1708 and was sentenced to three years in prison to be served consecutive to his state sentence.
 
 
 4
 Willis was confined at the State Prison of Southern Michigan when he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. He attacked his federal conviction and sentence, arguing that the government had agreed to recommend that his sentence run concurrent with the state sentence he was then serving. He raised two claims: (1) ineffective assistance of counsel, and (2) involuntary guilty plea. The petition was filed against John Jabe, the warden at the State Prison of Southern Michigan. The district court granted the respondent's motion for summary judgment because Willis was not in the respondent's custody, nor was he challenging his state conviction in this action. The court then treated the action as a motion filed under 28 U.S.C. Sec. 2255, and denied the motion as meritless. Willis raises the same arguments on appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Willis relief. As an initial matter, the district court properly construed the petition as a Sec. 2255 motion to vacate sentence because Willis sought to challenge his conviction and imposition of his sentence rather than the execution of his sentence. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Furthermore, Willis does meet the "in custody" requirement of Sec. 2255. Despite not being in the Attorney General's actual physical custody, he was placed in the Attorney General's technical custody. See 18 U.S.C. Sec. 4082(a); Ward v. Knoblock, 738 F.2d 134, 139 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985).
 
 
 6
 The district court properly denied Willis relief because he has failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 7
 Specifically, Willis claimed that, by entering into the plea agreement, he was denied effective assistance of counsel. To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and, that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner's conclusory statement that he was denied effective assistance because counsel did not proceed properly in this case does not show that his counsel was ineffective.
 
 
 8
 Willis argues that his guilty plea was involuntary because he believed that by pleading guilty, he would receive a concurrent sentence. This claim is without merit because at the guilty plea hearing, he consented to the terms of the plea agreement, he indicated he understood the consequences of his plea, and he purposely chose to plead rather than go to trial. Although he later tried to withdraw his guilty plea, the district court reviewed the transcript of the plea hearing, found that there was no agreement to have concurrent sentencing, and refused to allow him to withdraw his plea.
 
 
 9
 Moreover, the plea hearing transcript shows that Willis waived a long list of rights and, thus, his guilty plea was knowing and voluntary. Specifically, the court read the plea agreement and Willis's attorney acknowledged that it was correct. Willis said that he understood the maximum penalties, that he had the right to trial by jury or the court, that he would be presumed innocent until proven guilty, that he had the right to an attorney, the right of confrontation, and the right to remain silent. Willis still chose to plead guilty. The record reflects a full understanding of the consequences so that the plea represents a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). Willis's subjective expectations regarding the possible length of the sentence do not render involuntary this otherwise valid plea. See Self v. Blackburn, 751 F.2d 789 (5th Cir.1985).
 
 
 10
 Accordingly, the motion for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation