966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice B. MOORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-4049.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Maurice B. Moore appeals a judgment denying a motion to vacate his sentence under 28 U.S.C. § 2255. Moore's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Moore pled guilty to two federal firearms violations in exchange for the dismissal of five other charges. He was sentenced to a total of ten-years imprisonment, which he is now serving concurrently with a prior state court sentence in the Kansas State Penitentiary. Moore alleged: 1) that he did not receive a pre-transfer hearing as required by the Interstate Agreement on Detainers ("IAD"); 2) that the Bureau of Alcohol, Tobacco and Firearms attempted to circumvent the IAD by requesting a writ of habeas corpus ad prosequendum; 3) that the government violated a plea agreement by requiring him to serve his federal sentence at a state institution, and 4) that his counsel was ineffective.
 
 
 3
 A magistrate judge construed Moore's motion as an application for a writ of coram nobis because Moore was incarcerated in a state rather than a federal institution. On September 9, 1991, the district court adopted the magistrate's recommendation and dismissed the case. It is from this judgment that Moore now appeals.
 
 
 4
 Upon review, we conclude that Moore properly filed his case as a motion to vacate under 28 U.S.C. § 2255, rather than a petition for a writ of coram nobis, because he was in custody pursuant to his federal convictions when his motion was filed. See Ward v. Knoblock, 738 F.2d 134, 139-40 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985). Nevertheless, the judgment denying Moore's motion may be affirmed on other grounds because it plainly appears from the record that he was not entitled to relief. See Rule 4(b), Rules Governing Section 2255 Proceedings; Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 First, Moore's arguments regarding the IAD were clearly inapplicable because a writ of habeas corpus ad prosequendum does not constitute a detainer within the meaning of the IAD. See United States v. Mauro, 436 U.S. 340, 361 (1978); United States v. Woods, 621 F.2d 844, 846 (6th Cir.1980). Second, the government satisfied the plea agreement by securing the court's recommendation regarding Moore's place of incarceration, even though that recommendation was not followed by the Bureau of Prisons. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); cf. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). Finally, Moore's counsel was not ineffective because the arguments that he allegedly failed to pursue were all plainly without merit.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.