**Jemal Walter WILLIAMS,
Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

**No. 01–5721.**

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District

Judge.*

### ORDER

Jemal Walter Williams, a federal prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky, appeals the district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Williams pleaded guilty to using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Williams did not appeal, nor did he challenge his sentence by filing a motion to vacate his sentence under 28 U.S.C. § 2255. Williams filed his § 2241 petition in 2001, raising one claim: that he is actually innocent of violating 18 U.S.C. § 924(c) in light of two Supreme Court decisions, *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). The district court summarily denied the petition, holding that Williams could not bypass his remedy under § 2255 and seek relief under § 2241. The court also denied Williams's motion for reconsideration.

In his timely appeal, Williams argues that he could not have filed a timely motion under § 2255 because he was not in custody until 2000.

■ This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. ·Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly denied Williams's petition. A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Williams did not establish that his remedy under § 2255 is inadequate or ineffective. Williams did not attempt to raise his claims under *Bailey* or *Muscarello* in a § 2255 motion, and the statute of limitations for such a motion expired long ago. However, the remedy under § 2255 is not rendered inadequate or ineffective simply because Williams allowed the one-year statute of limitations to expire. *See Charles*, 180 F.3d at 756–58. As the district court held, Williams cannot bypass his remedy under § 2255 and seek relief under § 2241.

■ Williams's argument that he could not have filed a timely motion under § 2255 because he was not in custody until 2000 is without merit. An individual may challenge a sentence under § 2255 which he has not yet started to serve because a pending incarceration is a meaningful restraint. *Ward v. Knoblock*, 738 F.2d 134, 139 (6th Cir.1984). Thus, Williams could have challenged his sentence under § 2255 before the statute of limitations expired.

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.