Gary Lee GONCE

*v.*

**Walter W. REDMAN, Warden and the Attorney General of the State of Pennsylvania.**

No. 84–1558.

United States District Court, E.D. Pennsylvania.

Aug. 15, 1984.

Gary Lee Gonce, pro se.

Walter W. Redman, pro se.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is a pro se petition for habeas corpus filed by Gary Lee Gonce against Walter W. Redman, Warden at Delaware Correctional Center at Smyrna, Delaware. Petitioner is presently serving time for various felony convictions in the State of Delaware.

On October 24, 1980, petitioner was extradited from the state of Delaware to Pennsylvania to await a hearing for a 1977 robbery which was alleged to have occurred in Delaware County, Pennsylvania. Petitioner was found guilty, after a jury trial, for robbery and conspiracy. Thereafter, petitioner was sentenced by the Pennsylvania court to consecutive terms of ten-to-twenty years imprisonment for robbery and five-to-ten years for conspiracy, both of which to run consecutively to petitioner's Delaware sentence. Petitioner

next appealed to the Superior Court of Pennsylvania which affirmed the decision of the lower court.[1]

■ The United States Supreme Court has held that a pro se complaint by a prisoner must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Id.*, quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Therefore, having analyzed this petition as though procedural requirements were satisfied with respect to the relief sought, we must dismiss the petition for the reasons which follow.

In support of his application for habeas corpus relief, petitioner alleges the following: (1) the trial court erred in denying petitioner's pretrial application for habeas corpus and petition to dismiss for the Commonwealth's lack of compliance with the Interstate Agreement on Detainers, 42 Pa. C.S.A. § 9101, *et seq.;* (2) the trial court erred in denying petitioner's pretrial petition to dismiss for lack of a speedy trial pursuant to the requirements of the Interstate Agreement on Detainers, 42 Pa.C. S.A. § 9101, Article III(a); (3) the trial court erred in refusing to hold a hearing in open court on the merits of petitioner's pretrial petition to dismiss for lack of a speedy trial pursuant to the requirements of 42 Pa.C.S.A. § 9101, Article III(a); (4) the trial court erred in granting the Commonwealth's application for extending time for commencement of trial, pursuant to the Interstate Argument on Detainers Article IV(c), 42 Pa.C.S.A. § 9101; (5) the trial court erred in granting the Commonwealth's application for order extending time for commencement of trial pursuant to Pa.R.Crim.P. Rule 1100; (6) the trial court erred in overruling petitioner's objection to the testimony of former police officer Robert Marvell; (7) the trial court erred in denying petitioner's repeated requests for a pretrial hearing to determine whether or not, if the petitioner testified, his prior criminal record would be admissible to impeach his credibility; (8) the trial court erred in refusing to make a pretrial ruling, regarding the admissibility of the petitioner's prior criminal record in the event that the petitioner chose to testify on his own behalf; (9) the trial court erred in refusing petitioner's request, after the Commonwealth rested, for a hearing to determine whether or not the petitioner's prior criminal record would be admissible against him in the event that the petitioner chose to take the stand in his own behalf; (10) the trial court erred by waiting to decide the issue of whether or not the petitioner's prior criminal record would be admissible against him in the event he chose to take the stand until after the petitioner in fact testified; (11) the trial court erred in granting the Commonwealth's application and ruling that petitioner's prior criminal record would be admissible against him; (12) the trial erred in requiring the petitioner to show why his prior criminal record should not be introduced against him in order to impeach his credibility rather than requiring the Commonwealth to show that the admissibility of the petitioner's prior criminal record was critically important to its case; (13) the trial court erred in informing the jury that the plea agreements between witness Bonecutter and the Commonwealth, and witness Davidson and the Commonwealth were not accepted by the Court and were merely conditional upon Bonecutter and Davidson testifying on behalf of the Commonwealth; (14) the trial court erred by refusing petitioner's motion that the trial judge excuse himself for exhibiting extrajudicial personal bias; (15) and that the trial court erred by refusing petitioner's motion for a mistrial and overruling petitioner's objections when the

**1.** Petitioner's application for habeas corpus before this court indicates that the Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal.

Commonwealth's attorney asked the Commonwealth's chief witness, Bonecutter, if the petitioner participated in the robbery at the Sportman's Lounge, the prosecutor knowing full well that the defendant had been acquitted of the charges relating to the said robbery. Moreover, the petitioner requests that a full evidentiary hearing be held as to the questions presented for review in this habeas corpus petition.

 It is well settled that the function of a habeas corpus proceeding is to determine the constitutionality of the prisoner's present custody. *U.S. ex rel. Lopinson v. Bookbinder*, 237 F.Supp. 180 (E.D.Pa. 1964). The court in *U.S. ex rel. Dickerson v. Rundle*, 238 F.Supp. 218 (E.D.Pa.1965), *aff'd* 363 F.2d 126 (3d Cir.1966), *cert. denied*, 386 U.S. 916, 87 S.Ct. 880, 17 L.Ed.2d 790 (1967), stated as the ultimate purpose of habeas corpus:

> ... to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment, it can act only on the body of the petitioner. (citations omitted)

*Id.* at 221. Accordingly, this court has the power to review a prisoner's habeas corpus petition that challenges present custody, "but does not have the power to consider the merits of a habeas corpus attacking conviction on which the service of sentence has yet to commence." *Palumbo v. State of New Jersey*, 334 F.2d 524 (3d Cir.1964); *Gailes v. Yeager*, 324 F.2d 630 (3d Cir. 1963).

 Petitioner claims that he is entitled to habeas corpus relief from his Pennsylvania conviction. However, since petitioner is presently incarcerated in the state of Delaware for various felony convictions, and petitioner's Pennsylvania sentences for robbery and conspiracy convictions have yet to commence, we dismiss this petition for a writ of habeas corpus.

 Petitioner has filed a request for leave to proceed in forma pauperis. The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976), citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir.1969). Petitioner has filed the required affidavit, which we have reviewed and have found sufficient to excuse his obligation to fund this action.