768 F.2d 69
 Robert SMITH
v.
Charles ZIMMERMAN, Superintendent and The Attorney General
of the State of Pennsylvania the District Attorney
of Philadelphia County.
Appeal of Edward G. RENDELL, District Attorney of
Philadelphia, Appellant.
 No. 84-1663.
 United States Court of Appeals,
Third Circuit.
 Argued May 1, 1985.
Decided July 16, 1985.
 
 Andrew R. Rogoff, Attorney-in-Charge, Special Litigation, (argued), Eric B. Henson, Deputy Dist. Atty., Edward G. Rendell, Dist. Atty., Philadelphia, Pa., for appellant.
 Leonard S. Sosnov, Asst. Defender (argued), John W. Packel, Asst. Defender, Chief, Appeals Div., Benjamin Lerner, Defender Defender Association of Philadelphia, Philadelphia, Pa., for appellee.
 Before SEITZ, WEIS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 This case comes to us in an unusual posture. The federal constitution guarantees a defendant in a criminal case an unconditional right to a trial by jury. It makes no mention of any correlative right of a defendant to have his case decided by a judge when he tactically deems it advantageous. The petitioner in this appeal seeks a writ of habeas corpus because he claims that a Pennsylvania state trial court erroneously denied his motion for a non-jury trial and that the state appellate courts have denied him procedural due process in his effort to seek appellate review. Petitioner sought habeas corpus relief under 28 U.S.C. Sec. 2254 in the United States District Court for the Eastern District of Pennsylvania. That court granted the petition for a writ of habeas corpus and the Commonwealth of Pennsylvania appealed. We reverse.
 
 I.
 
 2
 The Commonwealth of Pennsylvania charged the petitioner, Robert Smith, in August 1979 with burglary and related offenses. He filed a pretrial motion to waive a jury trial, offering the court a signed form waiver of jury trial, but after objection by the Commonwealth, the court rejected the waiver. Two months later he was tried to a jury and found guilty as charged. Smith appealed to the Superior Court of Pennsylvania, an intermediate court of appeal, asserting that the Pennsylvania statute, 42 Pa.Cons.Stat.Ann. Sec. 5104(c), authorizing the Commonwealth to demand a jury trial violated the Pennsylvania Constitution. The superior court certified Smith's claim to the state supreme court. After consolidating Smith's case with four others, that court, by a four to three margin, held that section 5104(c) did indeed violate Art. 5, Sec. 10 of the Pennsylvania Constitution because it precluded the trial court from "exercising the discretion conferred by [Pa.Crim.P.] Rule 1101 in assessing whether a non-jury trial should be permitted." Commonwealth v. Sorrell, 500 Pa. 355, 361, 456 A.2d 1326, 1328 (1982); see also Commonwealth v. Sherman, 500 Pa. 369, 460 A.2d 1074 (1982). The supreme court accordingly remanded the cases to the superior court for further proceedings consistent with its opinion. In discussing the cases, the supreme court specifically noted, however, that there was no error in Smith's case because the trial judge had properly exercised his discretion in denying the defendant's request for a bench trial. Sorrell, 500 Pa. at 359, 456 A.2d at 1329.
 
 
 3
 On remand, the superior court dismissed Smith's appeal, holding that the state supreme court had found that Smith's motion for a non-jury trial had been denied on the basis of Pennsylvania's R.Crim.P. 1101 (1984),[1] and not in reliance on the unconstitutional state statute. The Pennsylvania Supreme Court denied Smith's petition for allowance of appeal, whereupon he filed a federal petition for a writ of habeas corpus claiming, as he did in his request for review in the state supreme court, that the state's highest court had denied him procedural due process by relying on the trial court's post-trial opinion setting forth its reasons for the denial of a jury trial and thereby denying him a new trial.
 
 
 4
 In the federal district court, Smith's habeas corpus petition was referred to a magistrate who unequivocally found that the record did not support the trial judge's post-trial statement for denying the defendant a non-jury trial. He concluded, however, that an erroneous interpretation of state law by a state court did not constitute a denial of due process rising to the level of a federal question. He therefore recommended that the petition for habeas corpus be denied. The district court, on the other hand, rejected the magistrate's legal conclusion and granted the writ. At the same time, the district court noted that the reasons offered in the trial judge's opinion did not agree with the reasons he gave at the time he denied defendant's motion for a non-jury trial. The district court further concluded that the state supreme court's reliance on a post-trial opinion which contradicts the trial transcript is a violation of due process. The Commonwealth appealed.
 
 II.
 
 5
 During the past decade, the United States Supreme Court has moved away from an expansive view of habeas corpus relief and applied numerous strictures to the writ. See generally M. Rosenn, The Great Writ--A Reflection of Societal Change, 44 Ohio St.L.J. 337, 355-63 (1983). This fundamental change in the Court's approach has significantly limited the availability of collateral review of criminal proceedings. A review of the applicable strictures reveals that, in the instant case, the district court erred in granting the petition for a writ of habeas corpus.
 
 A.
 
 6
 The writ of habeas corpus is available only to persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a). As stated by the Supreme Court, "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982); Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).
 
 
 7
 There is no federal right to a non-jury criminal trial. See Singer v. United States, 380 U.S. 24, 34, 85 S.Ct. 783, 789, 13 L.Ed.2d 630 (1965). Thus, as the district court in this case recognized, the state trial judge's denial of a bench trial "does not implicate any federal constitutional rights." Moreover, petitioner questions neither the fairness of his trial nor the constitutionality of the trial court's decision.
 
 
 8
 The "wrong" in this case, according to the district court, occurred at the appellate level. The Pennsylvania Supreme Court, in approving the trial judge's decision and holding that no reliance was placed on the unconstitutional statute, found that the trial judge had exercised the discretion granted him by Pa.R.Crim.P. 1101. The judge, according to his post-trial opinion, had denied petitioner a bench trial because of the judge's awareness of petitioner's criminal record and, the case having been designated "a career criminal case" by the prosecutor, the great likelihood that the judge would have to pass on the defendant's prior criminal record. He therefore concluded that the trier of fact should be insulated from evidence of the defendant's prior criminal record. The supreme court held that this was a proper exercise of discretion. See 500 Pa. at 362, 456 A.2d at 1329.
 
 
 9
 The trial judge's reason for denying a bench trial is not explicitly stated in his remarks during a brief on-the-record discussion. Rather, the support for the supreme court's finding and conclusion is found in the trial court's written opinion filed pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure.[2] Although none of the justices on the supreme court questioned the majority's reliance on the trial judge's opinion, the district court termed this a denial of due process and therefore granted the petition for a writ of habeas corpus.
 
 
 10
 In light of the basis for the district court's opinion and the absence of any alternative ground for granting the writ, the deference that must be afforded a state court's finding of fact is clearly of central importance to this case. The Commonwealth contends that, under the facts of this case, a federal court is bound by the presumption that the state court's factual determination is correct. We agree.
 
 
 11
 It is now beyond question that the state court system can perform a fact-finding role. See Sumner v. Mata, 455 U.S. 591, 593, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982); 449 U.S. 539, 545-47, 101 S.Ct. 764, 768-69, 66 L.Ed.2d 722 (1981). Moreover, the state court's findings of fact must be accorded the "presumption of correctness" that they are due under 28 U.S.C. Sec. 2254(d). See Patton v. Yount, --- U.S. ----, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984). Thus, our review of the findings is limited to determining "whether the factual conclusions reached by the state court are supported on the record as a whole." Miller v. Fenton, 741 F.2d 1456, 1462 (3d Cir.1984) (footnote omitted); see also Patton v. Yount, 104 S.Ct. at 2893 ("[T]he question is whether there is fair support in the record for the state court's conclusion...."); Patterson v. Cuyler, 729 F.2d 925, 931-32 (3d Cir.1984).
 
 
 12
 In reviewing the state court record, we cannot find any illumination in the brief on-the-record discussion of the waiver of a jury trial. The Commonwealth objected to the waiver only on the ground of the Pennsylvania statute (that was later declared unconstitutional). Admittedly, the court's on-the-record comments, purporting to preserve petitioner's constitutional argument on appeal, could be read to imply that the trial judge considered the statute in reaching his decision. Nevertheless, the judge never explicitly stated, during this "on-the-record discussion," that he was basing his decision on the unconstitutional statute, nor did he provide any reasons for rejecting the petitioner's waiver. The judge's reasoning is found only in the opinion that was issued after trial pursuant to Rule 1925. This opinion is very clear in stating that the judge relied not on the unconstitutional statute, but rather on the still-valid Pa.R.Crim.P. 1101. Furthermore, the opinion is not inconsistent with anything said during the on-the-record discussion.[3]
 
 
 13
 It is true that, as a general rule, lower court opinions do not constitute part of the record on appeal in Pennsylvania. E.g., Commonwealth v. Darush, 501 Pa. 15, 23 n. 8, 459 A.2d 727, 732 n. 8 (1983); Commonwealth v. Young, 456 Pa. 102, 115-16, 317 A.2d 258, 263 (1974). This general rule, however, appears to be aimed at preventing the alteration of the record with respect to matters of historical fact. For example, an appellate court cannot refer to the lower court's opinion in determining whether a specific instruction was given, see id., or to determine whether certain statements were made during the summation, see Commonwealth v. Brown, 496 Pa. 86, 90, 436 A.2d 165, 166-67 (1981).
 
 
 14
 The rule would appear to be different where the issue before the appellate court concerns a matter exclusively within the knowledge of the trial judge. For instance, our attention has not been called to any case, nor have we been able to find one, that absolutely limits an appellate court to consider only the on-the-record remarks of a trial judge concerning his reasons for an order. Cf. John Deere Plow Co. v. Hershey, 287 Pa. 92, 96, 134 A. 490, 491 (1926) (stating that supreme court must accept statement of court of common pleas in its opinion, indicating theory on which case was argued, in absence of contrary evidence); In the Interest of Carroll, 260 Pa.Super. 23, 27, 393 A.2d 993, 995 (1978) ("An appellate court will not accept a statement in the opinion of the lower court indicating upon what theory the case was decided, where there is evidence to the contrary in the record.") (emphasis added). In fact, the Pennsylvania Supreme Court recently relied upon a trial court's written opinion on a recusal issue because it "provide[d] significant insight into a subject uniquely within the trial court's knowledge and, consequently, to the resolution of the issue [of its impartiality]." Commonwealth v. Darush, 501 Pa. at 23 n. 8, 459 A.2d at 732 n. 8; cf. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 295, 63 S.Ct. 1070, 1071, 87 L.Ed. 1407 (1943) (lower court opinion may be referred to in order to clarify the grounds upon which the lower court acted); American Propeller & Manufacturing Co. v. United States, 300 U.S. 475, 479-80, 57 S.Ct. 521, 523-24, 81 L.Ed. 751 (1937) (it is permissible for an appellate court to refer to a written opinion from the lower court to clarify the meaning of a finding, when such meaning is otherwise in doubt). Whether the trial judge denied the motion for a non-jury trial on the basis of the unconstitutional statute or on the basis of the valid rule is an issue uniquely within the judge's knowledge. Furthermore, the explanation given in the trial judge's opinion here is not contradicted by the on-the-record discussion.
 
 
 15
 On the basis of the foregoing analysis, we conclude that the Pennsylvania Supreme Court's finding that the trial judge exercised his discretion under Pa.R.Crim.P. 1101 in denying a bench trial is fairly supported by an appropriate analysis of the "record as a whole" properly before it. We are bound, therefore, by the "presumption of correctness" and conclude that the district court erred in rejecting the state court finding and in subsequently granting the writ.[4]
 
 B.
 
 16
 Even if the presumption of correctness is, for some reason, seen as not applicable, see infra note 4, the granting of the writ was still improper for there was neither a due process nor any other constitutional violation. As noted above, the Pennsylvania Supreme Court appears to be well within the law in relying on the trial court's opinion. Furthermore, even if the reliance on the opinion were a technical violation of state procedural rules,[5] a "mere error of state law" is not a denial of due process. Engle v. Isaac, 456 U.S. 107, 121 & n. 21, 102 S.Ct. 1558, 1568 & n. 21, 71 L.Ed.2d 783 (1982); Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 1257, 92 L.Ed. 1683 (1948); see also Barclay v. Florida, 463 U.S. 939, 103 S.Ct. 3418, 3428, 77 L.Ed.2d 1134 (1983) ("[M]ere errors of state law are not the concern of this Court ..., unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution."); Wainwright v. Goode, 464 U.S. 78, 104 S.Ct. 378, 383, 78 L.Ed.2d 187 (1983) (same).
 
 
 17
 The Seventh Circuit Court of Appeals has analyzed the distinction between a "mere error of state law" and a violation of due process by a state appellate court's decisional process:The petitioner has the burden of alleging more than an error of judgment resulting in a denial of some state right ...; the denial of the right must be the result of arbitrary action. Properly framed, then, the issue before us is whether the state court determination, based on the trial record, ... was without an adequate determining principle, unreasoned, ... or had so little basis in law and fact as to constitute a denial of due process.
 
 
 18
 United States ex rel. Burnett v. Illinois, 619 F.2d 668, 670 (7th Cir.), cert. denied, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). As we have already noted, the approach taken by the Pennsylvania Supreme Court appears to be correct. Even if the court's action were technically deficient however, the question is close enough and the support for the court's position is substantial enough to persuade us that the court's action was in no way unreasonable or arbitrary. In light of the ambiguity within the transcript as to the ground for the trial court's decision to deny a non-jury trial, and the substantial case support for reliance, in this situation, on the post-trial opinion of the trial judge, we conclude that the supreme court's reliance on the opinion was not unreasoned, without an adequate determining principle, or without a sufficient basis in law and fact. It therefore did not constitute a denial of due process.
 
 III.
 
 19
 In summary, we conclude that the Pennsylvania Supreme Court's finding that the trial judge relied on Pa.R.Crim.P. 1101, not the unconstitutional statute, was fairly supported by the record. We are, therefore, bound by the "presumption of correctness" due under 28 U.S.C. Sec. 2254(d). Moreover, even if reliance on the trial court's opinion is seen as a technical violation of state procedural rules, and the "fair support" for the finding is thus eliminated, there was nonetheless no violation of due process. The record in this case is sufficiently unilluminating, and the case support for reliance on the trial court's opinion in this situation is substantial enough, to conclude that the supreme court's action was not arbitrary, capricious, or unreasonable.
 
 
 20
 Accordingly, the granting of a writ of habeas corpus was improper and the order of the district court will be reversed.
 
 
 
 [1]
 At the time of the state court trial, rule 1101 provided in pertinent part:
 In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this a knowing and intelligent waiver, and such colloquy shall appear on the record.
 The waiver, which must be in writing, need not be consented to by the attorney for the Commonwealth. At one time, such consent was required.
 
 
 [2]
 Rule 1925(a) provides as follows:
 General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.
 
 
 [3]
 After denying the defendant's motion, the Common Pleas Judge engaged in a brief discussion of a possible appeal of his ruling. He said, "Frankly, I hope you lose it, Mr. Watkins [the assistant district attorney]; but, nonetheless, I think if it does do that, it will put in jeopardy this whole career criminal program that we have." Judge Weis believes that this brief reference to the career criminal program is an indication of the trial judge's concern about the adverse effects of a limitation on discretion in deciding motions to proceed nonjury. If the district attorney could use the statute to block a ruling by the trial judge, then continuation of the program could be jeopardized. On Judge Weis' reading, the trial judge's comment is consistent with his explanation in the post-trial opinion that he exercised his discretion in denying defendant's motion
 
 
 [4]
 It should be noted that no federal evidentiary hearing was requested or held. Thus, our conclusion that the "presumption of correctness" applies (due to adequate support in the record for the factual finding) is dispositive because there is no evidence that might overcome the presumption. Of course, it is highly doubtful that any such evidence could have been produced even if there had been a hearing
 
 
 [5]
 If we were to assume that reliance on the trial court's opinion was a violation of state procedural rules, then the opinion should not be seen as part of the "record as a whole" properly before the supreme court. Furthermore, without the opinion, the record does not fairly support the supreme court's decision and thus the "presumption of correctness" would not be binding. Nevertheless, as discussed in the text, the district court's granting of the writ was still improper because the state supreme court's action constituted a denial of neither due process nor any other right protected by the Constitution