**Gary Lee GONCE, Appellant,**

v.

**Warden Walter W. REDMAN, Delaware Correctional Center, the Attorney General of the State of Pennsylvania, Appellees.**

No. 85–1304.

United States Court of Appeals, Third Circuit.

Argued Dec. 5, 1985.

Decided Dec. 30, 1985.

Arthur Thomas Donato, Jr. (Argued), Media, Pa., for appellant.

Vram Nedurian, Jr. (Argued), Asst. Dist. Atty., Sandra L. Elias, Deputy Dist. Atty., John A. Reilly, Dist. Atty., Media, Pa., for appellees.

Before ADAMS, Acting Chief Judge, GIBBONS and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Acting Chief Judge.

In this appeal from the denial of a writ of habeas corpus, the petitioner asserts various violations of the Interstate Agreement on Detainers Act (IAD) [1] and the due process clause of the fourteenth amendment. Because we conclude that one of the grounds for relief that he has raised in his federal habeas petition—that he was denied a pretransfer hearing under Art. IV(d) of the IAD—was not fairly presented to the state courts, we will remand to the district court in order that petitioner may exhaust the pretransfer hearing claim in state court or delete it from his petition.

### I.

On October 31, 1977, petitioner Gary Lee Gonce robbed a restaurant in Delaware County, Pennsylvania. Nearly two years passed before Gonce was charged by the Pennsylvania authorities with conspiracy and robbery in August 1979. The ensuing search for Gonce revealed that he was then living in the State of Delaware, and was free on bail awaiting sentencing for a Delaware robbery conviction. The Pennsylvania authorities instituted extradition proceedings, but Governor DuPont of Delaware directed that Gonce was not to be delivered to them until he had been sentenced for his Delaware conviction. On June 25, 1980, Gonce received a sentence of 37 years and was incarcerated in the Delaware Correctional Center at Smyrna. At that time, the Pennsylvania officials were notified that Gonce was available to be transferred to Pennsylvania.

Within two weeks, the district attorney for Delaware County filed a request with the Delaware prison officials for temporary custody of Gonce under Art. IV(a) of the IAD. By that time, two additional robbery charges had been filed against Gonce in

Pennsylvania. Also, an extension of time for trial on the first robbery charge had been granted by a Pennsylvania state court under Pa.R.Crim.P. 1100 [2] because of Gonce's unavailability for trial. The extension allowed the district attorney until 120 days from the date of Gonce's transfer to Pennsylvania to try him.

Shortly after the Art. IV(a) request was made, Gonce was informed by a Delaware prison official that the Pennsylvania authorities had filed detainers against him, and was shown the detainer documents. He admits that he knew that Pennsylvania was seeking custody of him in order to try him for robbery. However, he claims that the Delaware officials did not inform him of his right under Art. III(a) of the IAD to demand that he be tried on the robbery charges within 180 days, although Art. III(c) of the IAD requires that prisoners be so informed.

On July 16, 1980, the Delaware County district attorney requested a second extension of time for trial under Pa.R.Crim.P. 1100. In response, on July 25, 1980, Gonce filed a motion to dismiss the Pennsylvania charges. In the motion, he stated that he was ready to be tried and had been since September 1979. However, his only prayer for relief was that the charges be dismissed. The Delaware County Court of Common Pleas granted the Commonwealth's Rule 1100 motion, again allowing the district attorney until 120 days after Gonce's incarceration in Pennsylvania to begin trial.

Gonce was transferred to a Pennsylvania prison on October 24, 1980. The following month, while still awaiting trial, he instituted a state habeas proceeding under the Pennsylvania Post Conviction Relief Act, challenging his imprisonment on the grounds that his rights under the IAD had

---

1. The IAD is an interstate compact governing the procedures by which incarcerated persons may be transferred from one state's custody to another state's custody. Both Delaware and Pennsylvania are parties to the Agreement. *See* 11 Del.Code Ann. § 2540 *et seq.;* 42 Pa.Cons. Stat.Ann. § 9101 *et seq.*

2. Rule 1100 requires that a defendant be tried within 270 days of the filing of the criminal complaint.

been violated. At a hearing on his state habeas petition held January 9, 1981, he claimed that he had not been told of his right to request a speedy trial in violation of Art. III(c); that his July 25 motion to dismiss the Pennsylvania charges had constituted such a request for speedy disposition and therefore that his right to be tried within 180 days had been violated; and that he had been denied a pretransfer hearing, to which he was entitled under Art. IV(d) and *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). Each of these arguments was rejected by the Pennsylvania court.

At the same hearing, petitioner requested that his two most recent robbery charges be tried separately from the robbery and conspiracy charges for which he was originally sought by Pennsylvania. The trial court granted this request. Gonce was tried on the two robbery charges on January 26 and 28, 1981, and was acquitted. On January 29, the district attorney pointed out to the court that the 120-day period within which Gonce was to be tried would expire on February 21. He thus requested another extension under Rule 1100. The court granted the motion, recognizing that some delay had been occasioned by Gonce's request that his charges be tried separately. An extension was allowed until April 1.

Trial began on the charges of conspiracy and robbery underlying this habeas proceeding on March 26, 1981, and Gonce was convicted on both charges. On December 15, 1981, he received a sentence of 5–10 years on the conspiracy charge and 10–20 years on the robbery charge. Petitioner's post trial motions were denied. Gonce appealed his conviction to the Pennsylvania Superior Court, which affirmed. *See Commonwealth v. Gonce*, 320 Pa.Super. 19, 466 A.2d 1039 (1983). A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on February 28, 1984.

The present proceeding for habeas relief in federal district court was filed on March 27, 1984. In his habeas petition, Gonce asserted various violations of the IAD and the due process clause of the fourteenth amendment. First, he claimed that, had the Delaware prison authorities informed him of his right under Art. III(a) to be tried within 180 days upon demand, he would have invoked that right. Second, he asserted that he had invoked his speedy trial right under Art. III(a) by filing his July 25 motion to dismiss the Pennsylvania charges. Further, Gonce claimed that he had been denied a pretransfer hearing under Art. IV(d) of the IAD. Finally, he asserted a number of due process violations based on evidentiary rulings and the state trial judge's alleged personal bias against him. The district court denied habeas relief, and Gonce filed this appeal, 590 F.Supp. 1155, and 595 F.Supp. 916.

## II.

Under 28 U.S.C. § 2254(b) and (c) (1982),[3] a habeas petitioner is required to exhaust available state remedies before requesting habeas corpus relief in federal court. These exhaustion provisions have been interpreted as requiring that before a state defendant may raise an issue as grounds for federal habeas relief he must present it to the highest court of the state. *See Irvin v. Dowd*, 359 U.S. 394, 406, 79 S.Ct. 825, 832, 3 L.Ed.2d 900 (1959); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3d Cir.1984). Furthermore, under the Supreme Court decision in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a federal court may not

---

**3.** Those subsections provide:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedures, the question presented.

consider a habeas petition containing both exhausted and unexhausted claims.

■ Petitioner argues that his Pennsylvania conviction was obtained in violation of the IAD. However, we conclude that we may not reach the issues raised by Gonce in this habeas proceeding because he has failed to exhaust his claim that he was denied a pretransfer hearing in violation of Art. IV(d) in the state courts. Although his petition for allowance of appeal to the Pennsylvania Supreme Court arguably presents his other claims with sufficient clarity, the petition nowhere mentions either the fact that Gonce did not receive a pretransfer hearing or the legal theory under which such a deprivation constitutes a violation of the IAD. *See Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981) (a prisoner transferred under Art. IV of the IAD is entitled to a pretransfer hearing under Art. IV(d)).

■ We also note that, from the opinion of the Superior Court affirming his conviction, it appears Gonce did not raise the hearing issue in his appeal to that court. *See Commonwealth v. Gonce,* 320 Pa.Super. 19, 466 A.2d 1039 (1983). It is true that the test of exhaustion is not whether the state courts have considered a petitioner's claims, but whether they were afforded an opportunity to do so. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). Thus, examination of a state court's opinion is not determinative of the question whether a petitioner has exhausted his claims, but rather the petitioner's pleadings and briefs before the court should be scrutinized. *Brown v. Cuyler,* 669 F.2d 155, 158–59 (3d Cir.1982). However, the burden is on the habeas petitioner to establish exhaustion. *Id.* at 158. Since Gonce has not made the briefs from his state court proceedings part of the record in his federal habeas proceeding, and because the opinion of the Superior Court suggests that his Art. IV(d) claim was not raised there, we must assume that that court was not provided an opportunity to pass upon the claim that Gonce was wrongly denied a pretransfer hearing.

Thus, we find that petitioner did not present his claim that he was denied a pretransfer hearing under Art. IV(d) to the Pennsylvania courts on direct appeal or otherwise. Because his habeas petition raises an unexhausted claim, the petition must be remanded to the district court in order that Gonce may either delete the unexhausted claim or exhaust it in the state courts.

### III.

The matter will be remanded to the district court for further proceedings consistent with this opinion.