**James E. HARMON, Petitioner,**

v.

**Joseph RYAN, Superintendent, Respondent.**

**Civ. No. 85–1863.**

United States District Court, M.D. Pennsylvania.

May 13, 1986.

James E. Harmon, pro se.

Thomas Blewitt, Federal Public Defender, Scranton, Pa., for petitioner.

John F. Nelson, Dist. Atty. for Franklin County, Chambersburg, Pa., LeRoy S. Zimmerman, Atty. Gen. of Pa., Harrisburg, Pa., for respondent.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on December 24, 1985, raising the following three (3) issues: Did the trial court and Superior Court err in refusing to grant petitioner a new trial on the basis of after-discovered evidence?; Did the trial court and the Superior Court err in refusing to grant petitioner a new trial on the basis of ineffective assistance of trial counsel, appellate counsel and the Post-Conviction Hearing counsel?; Were trial counsel and appellate counsel ineffective for failing to raise the issue of double jeopardy when petitioner was given a consecutive sentence on a robbery which arose from the same criminal episode as the murder charge? *See* Document 1 of the Record. By Order dated January 24, 1986, petitioner's request to proceed *in forma pauperis* was granted and the petition served. Respondent filed an answer on February 21, 1986, which this court deemed insufficient. The court ordered respondent to file an answer in accordance with Rule 5, 28 U.S.C. foll. § 2254 by Order dated March 21, 1986. Respondent complied with the Order on April 3, 1986. By letter dated April 6, 1986, petitioner advised the court that he would not file a reply. Accordingly, the petition is ripe for disposition. For the reasons set forth below, the petition for a writ of habeas corpus will be denied in part and the parties will be directed to file supplemental briefs concerning the issue of ineffective assistance of counsel for failing to raise a double jeopardy claim.

## DISCUSSION

The exhaustion requirement has been interpreted "as requiring that before a state defendant may raise an issue as grounds for federal habeas relief he must present it to the highest court of the state." *Gonce v. Redman,* 780 F.2d 333, 335 (3d Cir.1985). Moreover, the burden is on the habeas petitioner to establish exhaustion. *Id.* at 336. Finally, under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a federal court may not consider a habeas petition containing both exhausted and unexhausted claims. *Id.* at 335–36.

In the supplemental answer, respondent concedes that petitioner has exhausted state court remedies concerning the after-discovered evidence issue and the ineffective assistance of trial and appellate counsel claim. Respondent, however, maintains that petitioner has not presented the claim of ineffective Post-Conviction Hearing Act ("PCHA") counsel to the state courts. Accordingly, respondent contends that this claim is unexhausted.

Inexplicably, respondent does not discuss *Rose v. Lundy, supra,* after averring that the petition contains exhausted and unexhausted claims. In any event, the court finds that petitioner has exhausted his state court remedies.

In *Gonce v. Redman, supra,* the court recognized that the test of exhaustion is whether the state courts have been afforded an opportunity to consider petitioner's claims. *Id.* at 336. "Thus, examination of a state court's opinion is not determinative of the question whether a petitioner has exhausted his claims, *but rather the petitioner's pleadings and briefs before the court should be scrutinized." Id.* (emphasis added). In the instant case, petitioner has made the briefs from his state court proceedings a part of the record. *See* Document 4 of the Record.

██ In petitioner's Petition for Allowance of Appeal and Amendment to Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, the issues presented in the instant petition were "fairly presented" to the Pennsylvania Supreme

Court. *See Jones v. Superintendent,* 725 F.2d 40 (3d Cir.1984). In fact, as we discussed, respondent admits that all claims are exhausted except the issue of PCHA counsel's ineffectiveness. A perusal of petitioner's brief demonstrates that this issue was discussed by the Superior Court and presented to the Pennsylvania Supreme Court. *See* Exhibit 4 of the Record. Accordingly, the court will address the merits of petitioner's claims. Unfortunately, the court must proceed with this evaluation without meaningful legal analysis from respondent.

■ Petitioner claims an "after-discovered" eyewitness and a letter from one of the Commonwealth's witnesses indicating he was confused or mistaken about petitioner's identity, entitles him to a new trial. Petitioner was convicted, after a bench trial, of murder in the second degree and robbery in August, 1979. The trial court found that the alleged eyewitness testimony was not material and would not have any effect upon the disposition of the case in light of the facts presented at trial. Document 13 of the Record—Exhibit C at 21. Similarly, the trial court found that the "after-discovered" letter would not be admissible for purposes of impeaching the eyewitness who testified at trial. While the United States Supreme Court "has yet to arrive at 'a rule or principle that will unerringly distinguish a factual finding from a legal conclusion,'" *see Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), the court holds that the state court's finding that the after-discovered evidence did not warrant a new trial in light of the factual background of the case,

is entitled to the presumption of correctness contained in 28 U.S.C. § 2254(d).

The court's review of this finding is limited to determining "whether the factual conclusions reached by the state court are supported by the record as a whole." *Smith v. Zimmerman,* 768 F.2d 69 (3d Cir.1985) (citations omitted). In this case, there is fair support in the record for the state court's conclusion. *See Patterson v. Cuyler,* 729 F.2d 925 (3d Cir.1984). Accordingly, the state court's finding is adopted and petitioner's claim is rejected.[1]

■ Petitioner's second claim relates to ineffectiveness of trial, appellate and PCHA counsel. "Claims of ineffective assistance of counsel may be broadly categorized into two groups: (1) those claims primarily founded upon external factors, and (2) those founded upon the actual conduct or misconduct of the trial lawyer." *United States v. Gambino,* 788 F.2d 938, 950 (3d Cir.1986). In the case *sub judice,* petitioner lists fourteen (14) "errors" committed by counsel allegedly denying his right to counsel. *See* Document 1 of the Record at 5–6. It is significant to note that petitioner has not supported his claim by reference to the record. The state court's findings of historical fact concerning petitioner's ineffective assistance of counsel claims are entitled to a presumption of correctness.[2] *See Ahmad v. Redman, supra.* The trial court's findings concerning ineffectiveness of trial and appellate counsel, *see* Document 13 of the Record—Exhibit C at 17–20, demonstrate that petitioner

---

1. As the *Smith* court recognized, the Supreme Court "has moved away from an expansive view of habeas corpus relief ..." and this change has "significantly limited the availability of collateral review of criminal proceedings." *Id.* at 71. Federal courts may intervene only to correct wrongs of constitutional dimension. *Id.* Errors of state law are not cognizable, unless they rise to the level of a denial of a constitutional right. *Id.* This situation is not present before the court. The evidentiary basis of petitioner's claim was fully reviewed by the state courts and habeas corpus relief in this court is not proper. *See Ahmad v. Redman,* 782 F.2d 409 (3d Cir. 1986) (presumption of correctness applies if factual finding is fairly supported by the record;

presumption also applies to subsidiary findings of historical fact which are relevant to the resolution of mixed questions of law and fact and questions of law).

2. Of course, "'the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact' to which the requirement of deference contained in 28 U.S.C. § 2254(d) (1982), does not apply." *McNeil v. Cuyler,* 782 F.2d 443, 450 n. 2 (3d Cir.1986) (citation omitted). This does not alter the holding in *Ahmad* that findings of historical fact are entitled to such deference under § 2254(d).

was not denied effective assistance of counsel warranting habeas corpus relief.[3]

In *Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), the United States Supreme Court recognized, "In *Strickland v. Washington*, we held that to obtain relief by way of federal habeas corpus on a claim of a deprivation of effective assistance of counsel under the Sixth Amendment, the movant must establish both serious attorney error and prejudice." *Id.*, 106 S.Ct. at 993. Serious attorney error occurs when a petitioner can establish that "... the assistance rendered by counsel was constitutionally deficient in that 'counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* at 993–94 *citing Strickland v. Washington, supra.* On the other hand, "to show prejudice, it must be established that the claimed lapses in counsel's performance rendered the trial unfair so as to 'undermine confidence in the outcome' of the trial." *Id.* at 994 *citing Strickland v. Washington, supra.* Moreover, the Sixth Amendment does not require any particular response by counsel to a problem that may arise and the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In light of this standard and the trial court's historical findings of fact, the court finds that petitioner's claim is

without merit. That is, aside from the question of whether serious error was committed, the court finds that petitioner has not established that there is a reasonable probability that, but for the alleged errors, the result of the proceeding would have been different. *See McNeil v. Cuyler*, 782 F.2d 443 (3d Cir.1986). Even if it is possible that the outcome might have been different, the court, as in *McNeil*, finds that this "possibility" is not sufficient to undermine confidence in the outcome of the trial. *Id.* at 451.[4] In sum, petitioner has failed in his burden to "affirmatively prove prejudice" as a result of allegedly deficient performance by petitioner's counsel.[5] *United States v. Gambino, supra*, 788 F.2d at 951.

Finally, petitioner contends that trial and appellate counsel were ineffective for failing to raise the issue of double jeopardy when petitioner was given a consecutive sentence on the robbery charge which arose from the same criminal episode as the murder charge. Respondent's only answer is that the law in existence at the time of sentencing and on direct appeal provided that felony murder and the underlying felony did not merge for purposes of sentencing. *See* Document 13 of the Record at 3. Respondent argues that counsel cannot be deemed ineffective for failure to raise this issue because *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981), was not decided until 1981.

---

**3.** Petitioner "claims his PCHA counsel was ineffective because the relationship between an attorney and his client was 'irretrievably ruptured' (sic) and because counsel failed to properly develop the issues at the post conviction hearing." Document 1 of the Record at 5. Such a broad and conclusory allegation cannot support the granting of habeas corpus relief. Petitioner presents nothing to the court which could support a finding that his PCHA counsel committed serious attorney error which resulted in actual prejudice to petitioner. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**4.** The court recognizes that petitioner has alleged ineffective assistance of counsel due to specific errors or omissions during the course of representation. *See United States v. Gambino, supra* at 951. Petitioner has not maintained that an actual conflict of interest existed which adversely affected counsel's performance. *Id.* Similarly, petitioner does not allege that exter-

nal factors prohibited his receiving effective assistance of counsel within the purview of the Sixth Amendment. *Id.* at 950.

**5.** Petitioner's thirteen (13) allegations of error were discussed and dismissed by the trial court. *See* Document 13 of the Record—Exhibit C at 17–20. The court recognizes that the trial court's decision was predicated on a finding that no trial error was committed. This court has found that petitioner failed to establish the required prejudice. As our Court of Appeals recently stated in *McNeil*, "*Strickland* encourages courts to resolve cases wherever possible on grounds of prejudice, so that ineffective assistance claims do not become unduly burdensome to defense counsel." *Id.* at 449 (citation omitted). Therefore, this court assumed the errors alleged by petitioner constituted deficient performance and found that there was not a reasonable probability that, but for the errors, that the result of the trial would have been different.

Apparently, petitioner was sentenced to mandatory life imprisonment for the second degree murder conviction and five (5) to twenty (20) years to run consecutively for the robbery conviction. According to the record, sentence was pronounced on August 29, 1979. *See* Document 1 of the Record at 7. Petitioner's filings indicate that the Pennsylvania Supreme Court affirmed the conviction and sentence in June, 1981. The case of *Commonwealth v. Tarver, supra,* was decided on February 4, 1981. A failure to raise an issue that became promising only after the appeal was concluded does not establish a violation of the Sixth Amendment right to the assistance of counsel. *See Cerbo v. Fauver,* 616 F.2d 714 (3d Cir.), *cert. denied,* 449 U.S. 858, 101 S.Ct. 158, 66 L.Ed.2d 73 (1980). A decision not to raise an issue on appeal, in light of adverse case law or other valid considerations, falls within the "legitimate scope of counsel's discretion and would not present the possibility of egregious error." *Id.* at 719. While it appears that *Tarver* was decided before the completion of petitioner's appeal, the court must determine the appropriateness of trial and appellate counsel's failure to raise the double jeopardy issue in light of this analysis. Further factual matters must be clarified before this determination can be made. Respondents are directed to file a supplemental brief which, *inter alia,* contains documentation setting forth the following: crimes for which petitioner was sentenced; sentence imposed; date of sentence; dates of direct appeals; dates when briefs in support of these appeals were filed; any disposition of the double jeopardy claim by a state trial or appellate court; and affidavits of trial and appellate counsel as to why the double jeopardy issue was not raised. *See Cerbo v. Fauver, supra.* Additionally, because petitioner would not be entitled to a new trial even if his claim were found meritorious, respondent may consider, if it is determined that applicable Pennsylvania law prohibits the imposition of a consecutive sentence such as that received by petitioner for the crimes alleged, an attempt to resolve the matter in state court, *i.e.,* move the trial court to vacate any improper sentence, without federal court intervention. *See Commonwealth v. Fortune,* 305 Pa. Super. 441, 451 A.2d 729 (1982) (court is authorized to vacate consecutive sentence imposed on underlying conviction).

Because petitioner is proceeding *pro se* and recognizing the complex legal and factual issues, the court will appoint Federal Public Defender Thomas M. Blewitt to represent petitioner in this matter. It is hoped that counsel for both parties can accurately, concisely and completely analyze the remaining issue utilizing a fully developed factual and legal background. Respondent will be granted twenty (20) days to file a supplemental brief consistent with this Memorandum and Order. Petitioner will be provided twenty (20) days from the date respondent's brief is filed to respond. The court does not expect that further filings will be necessary so that the parties should explore all possible avenues when discussing the issue.

An appropriate Order will enter.