José A. MOLINA ROSA, Petitioner,

v.

Ramon AVILA RODRIGUEZ, Hector Rivera Cruz, Secretary of Justice for the Commonwealth of Puerto Rico, Respondents.

Civ. No. 89-380 HL.

United States District Court, D. Puerto Rico.

July 21, 1989.

istrative remedies under the FOIA, their FOIA claim is denied without prejudice. *See* 5 U.S.C. sect. 552(a)(6)(C).

José A. Molina Rosa, Pen. Estatal, Río Piedras, P.R. pro se.

Department of Justice, Fed. Litigation Div., San Juan, P.R., for respondents.

## OPINION AND ORDER

LAFFITTE, District Judge.

Petitioner José A. Molina Rosa was convicted by a Commonwealth jury of statutory rape and is now serving a twenty year sentence. Pursuant to 28 U.S.C. § 2254, petitioner filed for post-conviction relief.[1] The case was referred to Magistrate Castellanos, who filed a Report and Recommendation on May 11, 1989, denying petitioner the relief sought.

The Magistrate's Report and Recommendation found that there is no constitutional right to a bench trial in criminal cases, that petitioner failed to show counsel was ineffective, and that exclusion of the alleged exculpatory evidence was not constitutional error, in light of a) direct expert testimony presented at trial; b) defense counsel's tactical decision to object to the supposed exculpatory evidence, and c) the definition of statutory rape under Puerto Rico law.

Petitioner objected to all of the Magistrate's findings, *see United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986), arguing that he was forced to accept a trial by jury, that counsel was ineffective, and that the excluded evidence would show that the victim's hymen was intact and thus there had been no penetration. This

Court's review is *de novo. See* the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1).

When a state prisoner seeks relief under 28 U.S.C. § 2254 there exist two sometimes competing values. One value is the respect due a state's criminal procedure rules, while the other is the need for a forum where a prisoner's constitutional rights will be ultimately defended. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), first struck a balance between these two values by establishing the deliberate bypass rule, which narrowly limits the scope of a federal court's habeas jurisdiction in those cases in which the petitioner has deliberately bypassed state procedural rules and, as a result, possible state level remedies as well. In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court further limited federal courts' discretion. Under the cause and prejudice standard, unless the petitioner shows a cause or reason for the procedural default[2] and resulting prejudice, a federal court will ordinarily abstain from reviewing the case:

> [I]f a defendant fails to comply with state procedural rules and is barred from litigating a particular constitutional claim in state court, the claim can be considered on federal habeas corpus only if the defendant shows cause for the default and actual prejudice resulting therefrom.

*Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 1073, 103 L.Ed.2d 334 (1989).

Two of petitioner's claims do not pass the cause and prejudice test. *See Wainwright,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594

---

1. In this case the petitioner meets the two threshold requirements for habeas corpus relief: 1) that he is in custody, and 2) that he has exhausted all available state remedies in that he had no local court procedure available to raise these claims when he filed his habeas petition. *See* 28 U.S.C. sect. 2254(b) and 2254(c); *Castille v. Peoples,* —— U.S. ——, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

2. Exhaustion of state remedies and procedural default are related but distinct doctrines. They both may result in the denial of federal habeas corpus relief, but in distinct ways. The exhaustion requirement allows the state court an opportunity to address the constitutional claim if

it chooses to do so and only *postpones* federal relief. If a petitioner has "the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), he will be deemed not to have met the exhaustion requirement, and will be sent back to the state courts to pursue that state procedure. The procedural default doctrine *forecloses* federal relief if the petitioner has failed to follow state procedural rules, and in so doing has forfeited an otherwise available state court forum on his claim. *See* 1 J. Liebman, *Federal Habeas Corpus Practice and Procedure,* § 5.3 at 45 n. 7 (1988).

(1977); *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

■ First, petitioner claims that although he intelligently and in writing waived his right to a jury trial, he was still tried by a jury. The record shows that he filed said waiver on September 17, 1984, approximately six months before trial.

The objective of 28 U.S.C. § 2254 is to insure that the petitioner's federal constitutional rights have been respected throughout the criminal prosecution that led to conviction. The United States Constitution does not, however, recognize a right to bench trial in criminal cases. The only constitutional right regarding the trial phase of a defendant's criminal prosecution is the right to an impartial trial by jury. *See Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), and *Smith v. Zimmerman,* 768 F.2d 69 (3rd Cir.1985). Even if, then, petitioner was forced to be tried by a jury, no federal constitutional right was violated.

There is still the need to differentiate, however, between state law errors which may result in the denial of a state right, but do not violate the federal Constitution, and state law errors so egregious that they violate federal due process. *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983):

> [t]he petitioner has the burden of alleging more than an error of judgment resulting in a denial of some state right [citation omitted]; the denial of such right must be the result of arbitrary action.

*United States v. People of Illinois,* 619 F.2d 668, 670 (7th Cir.1980).

■ Under Puerto Rico law a court must accept a defendant's jury-trial waiver if submitted before trial. *See People v. Rivera Suarez,* 94 D.P.R. 510 (1967); *People v. Borrero Robles,* 113 D.P.R. 388 (1982). Assuming, however, that in this case such state right was denied arbitrarily, thereby implicating petitioner's federal due process rights, the petitioner fails to clear the cause and prejudice hurdle. Counsel had the opportunity to address the trial court's denial of a bench trial at the local level.

No reason or "cause" as to why he did not, is given. Petitioner also fails to establish prejudice. Petitioner presents only unfounded generalizations as to this point. There is no basis for petitioner's assertion that a judge would have determined his fate differently than did the jury.

■ Petitioner's second claim is that he was denied his right to a direct appeal. This claim also fails the cause and prejudice test because petitioner is in procedural default. There is no apparent cause for the forfeiture of this right other than a claim of ineffective assistance of counsel, nor has the required prejudice showing been made.

■ The claim of ineffective assistance of counsel does require consideration in this case in two different ways, first, as "cause" for the procedurally defaulted state remedies of an appeal and for the claim that petitioner was not afforded a bench trial, and second, as a claim on its own.

To succeed on a claim of ineffective assistance of counsel the defendant must affirmatively prove prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the present case, the petitioner has failed to identify counsel's unreasonable acts or omissions that resulted in prejudice. Petitioner alleges only that his legal representatives "confabulated" against him since the beginning of the case. Petitioner has also failed to demonstrate that the result could have been different if he had been tried by a judge, or any appealable issues which could have overturned his conviction if they had been brought up on appeal.

■ We now turn to the third and final claim which concerns the exclusion of evidence. Petitioner claims there are some medical reports which prove his innocence. The record shows that this evidence was not admitted at trial upon defense counsel's objection. As to petitioner's claim of ineffective assistance of counsel because of counsel's objection to this evidence, we note that such tactical decisions cannot be

**58**

brought up to support a claim of ineffective legal representation:

> [t]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance. [citation omitted.] Only where a defense decision is completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy, is further review into counsel's competence required. [citation omitted.]

*United States v. Ortiz Oliveras,* 717 F.2d 1, 3 (1st Cir.1983).

Here, moreover, the excluded evidence is not necessarily exculpatory. Petitioner argues that the evidence shows that no penetration occurred since it includes a medical report describing the girl's hymen as intact and stating that she was still a virgin. Under Puerto Rico's rape law, however, only a very small degree of penetration is required for the felony of rape to be committed. *El Pueblo v. Cancel,* 13 D.P.R. 179 (1907). It has also been established that penetration does not always rupture the hymen. *El Pueblo v. Rivera Robles,* 88 JTS 122. Thus, the supposed exculpatory evidence does not prove that rape did not occur.

> The crime of rape consists essentially in the outrage to the person and feelings of the female. Emission is not necessary and the crime of rape is consummated by the slightest penetration.

Section 100, P.R.Laws Ann. tit. 33, § 4062.

WHEREFORE, petitioner's objections are denied and the Magistrate's Report and Recommendation is hereby APPROVED.

IT IS SO ORDERED.