883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred D. ROHDES, Petitioner-Appellant,
v.
Gary MOHR, Respondent-Appellee.
 No. 88-3974.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Fred D. Rohdes appeals from the district court's denial of his petition for a writ of habeas corpus. We agree with the district court's conclusion that petitioner failed to "fairly present" his federal constitutional claim to the Ohio courts. Accordingly, we affirm the judgment of the district court.
 
 I.
 
 2
 Petitioner shot and killed a man following a heated dispute; he claims that the gun discharged accidentally. Petitioner was charged with murder. The jury acquitted him of murder, but found him guilty of involuntary manslaughter by aggravated menacing. Petitioner appealed to the Ohio Court of Appeals, asserting that the trial court erred in instructing the jury on involuntary manslaughter by aggravated menacing because this offense is not a lesser included offense of murder under Ohio law. The state appellate court agreed, observing that the crime of menacing contains an element which need not be proved for murder--knowingly causing another to apprehend serious physical harm. The Ohio Supreme Court reversed, holding that "by the evidence produced on the record of this case, a trier of fact could have reasonably found that murder could not have been committed without also committing the involuntary manslaughter by aggravated menacing." State v. Rohdes, 23 Ohio St.3d 225, 228 (1986).[1] Petitioner then sought habeas corpus relief in the United States District Court, arguing that his conviction violated his federal constitutional right to "notice of the offense charged against him." See, e.g., Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir.1984). The district court dismissed the petition on the grounds that petitioner's federal constitutional argument was not "fairly presented" to the state courts as required by Anderson v. Harless, 459 U.S. 4, 6-7 (1982). It is from this decision that petitioner appeals.
 
 II.
 
 3
 In Harless, the Supreme Court held that a federal habeas petitioner must "provide the state courts with a 'fair opportunity' " to evaluate his federal constitutional claims. 459 U.S. at 6. The Court emphasized that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts ..., or that a somewhat similar state-law claim was made." Id. (citations omitted). Nor is it sufficient that the federal claim was "self-evident"; rather, the legal and factual "substance" of the federal claim must have been presented to the state courts. 459 U.S. at 6-7. In short, "the habeas petitioner must present his claim to the state courts as a federal constitutional claim--not merely as an issue arising under state law." Koontz, 731 F.2d at 368. See also Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987) ("We doubt that a defendant's citation to a state-court decision predicated solely on state law ordinarily will be sufficient apprise a reviewing court of a potential federal claim....").
 
 
 4
 Petitioner claims that he fairly presented his federal claims to the state courts because "the constitutional ramifications" of his argument should have been obvious. But this is not enough. A habeas petitioner must present his federal claims as federal claims. Koontz, 731 F.2d at 368. In the present case, petitioner presented his claim to the state courts solely as an issue of state law. Both the opinion of the Ohio Court of Appeals and petitioner's memorandum opposing the state's appeal in the Ohio Supreme Court discuss only state law. Petitioner cited no federal cases to support his argument in the state courts, nor did he ever invoke the federal Constitution. See Defendant's Memorandum Opposing State's Appeal, Proposition of Law No. 1; Jt.App. at 101-07. Indeed, petitioner's submission to the Ohio Supreme Court asserted that the state's argument on the lesser-included-offense issue "involves no real constitutional question...." Jt. App. at 107.
 
 
 5
 We conclude that petitioner did not fairly present his constitutional claims to the Ohio courts. Accordingly, the district court's denial of the petition for a writ of habeas corpus is AFFIRMED.
 
 WELLFORD, Circuit Judge, concurring:
 
 6
 I concur in the result reached that denies, at least at this time, Rohdes' petition for habeas corpus relief. I would deny relief, however, on additional grounds.
 
 
 7
 The writ of habeas corpus is available only to those persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a). The Supreme Court has stated that this requirement prevents a federal court from disturbing a state criminal conviction even if the state's action is "undesirable, erroneous, or even 'universally condemned[;]' " the conviction must have been obtained in violation of federal law or the constitution. Cupp v. Naughten, 414 U.S. 141, 146 (1973). "Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982); see also Smith v. Zimmerman, 768 F.2d 69, 71 (3d Cir.1985).
 
 
 8
 The question before us is simply whether "state law on the matter violated due process." Pilon v. Bordenkircher, 593 F.2d 264, 267 n. 4 (6th Cir.1978), vacated on other grounds, 444 U.S. 1 (1980); see also Wainwright v. Goode, 464 U.S. 78, 86 (1983); Barclay v. Florida, 463 U.S. 939, 957-58 (1983); Salanda v. New York, No. 84 Civ. 5254 (VLB), slip op. at 7, 11 & n. 8 (S.D.N.Y. July 10, 1987); Bell v. Zimmerman, No. 84-
 
 
 9
 Instruction on a lesser included offense as a matter of state law does not violate a defendant's right to be informed of the charges against him. I do not believe that the Ohio Supreme Court's conclusion in this case, that involuntary manslaughter constituted a lesser included offense of murder, creates an issue of constitutional magnitude. Petitioner was indicted for the murder of Boysel using a handgun. Murder requires intent. Ohio Rev.Code Sec. 2941.141. I do not believe that the conclusion reached by the Ohio Supreme Court in petitioner's direct appeal, that involuntary manslaughter by aggravated menacing constitutes a lesser included offense of murder, constitutes one of the rare, arbitrary, irrational or aberrant decisions that potentially might amount to a due process violation. See Brewer v. Overberg, 624 F.2d 51, 53 (6th Cir.1980), cert. denied, 449 U.S. 1085 (1981); see also Zimmerman, 768 F.2d at 73-74.
 
 
 10
 I would therefore hold that petitioner has not stated a cognizable federal habeas corpus claim. Accordingly, I would affirm the decision to deny him relief.
 
 
 
 [1]
 The Supreme Court of Ohio has since concluded that the reasoning in Rohdes was "confusing, if not flawed," because it ignored the "longstanding rule that the evidence in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." State v. Kidder, 32 Ohio St.3d 279, 282 (1987). However, the court defended the result reached in Rohdes on the grounds that "[i]nvoluntary manslaughter is always and necessarily a lesser included offense of murder because murder cannot ever be committed without also committing or attempting to commit a felony or misdemeanor." Id